(6 Misc. Rep. 308.)

### FORRESTER v. PRICE.

(Superior Court of New York City, General Term. December 29, 1893.)

FACTORS AND BROKERS—COMMISSIONS.
    Where an owner employs a broker to sell land for a certain price, and states that the property is subject to a lease, but that "all else can be satisfactorily arranged," the broker must procure a purchaser on terms satisfactory to the owner before he is entitled to his commissions.

Appeal from jury term.
Action by Frank Forrester against Anna C. Price to recover commissions as real-estate broker. The complaint was dismissed, and plaintiff appeals. Affirmed.
Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

George D. Beattys, for appellant.
Wauhope Lynn, for respondent.

McADAM, J. The defendant employed the plaintiff, as a real-estate broker, to find a purchaser for the property known as "No. 219 Spring Street," this city, for the price of $30,000. No terms were then specified. She afterwards wrote to the plaintiff that there was a lease on the store having seven years to run, and that "all else can be satisfactorily arranged." The defendant subsequently countermanded the employment, and, if the revocation was made before the plaintiff accomplished his undertaking, he is without a cause of action. Sibbald v. Iron Co., 83 N. Y. 384, 385. The

evidence shows that the broker procured one Ketcham as a proposed purchaser; that Ketcham called upon the defendant, and offered her $30,000 for the property, provided she would accept $10,-000 in cash, and take back a $20,000 mortgage, payable in three or five years, at 5 per cent. interest. This was the only offer to purchase, and it in no manner satisfied the terms of the plaintiff's employment. The owner was under no obligation to sell her property on terms dictated by the proposed purchaser, to which she had in no manner assented. The phrase, "all else can be satisfactorily arranged," does not mean that the owner must sell her property on whatever terms a proposed purchaser may suggest, or else pay brokerage. It means that if the details prove satisfactory to both buyer and seller, and their minds meet in reference thereto, a sale will be made, or a liability for brokerage incurred. There is no evidence, direct or inferential, proving that the terms offered were satisfactory to the owner. It is clear she never accepted them, and that the minds of the parties never met in respect thereto, and that no sale was made. Under such circumstances, no brokerage was earned by the plaintiff, and the trial judge properly dismissed the complaint. The duty assumed by a broker is to bring the minds of the buyer and seller to an agreement for a sale, and the price and terms on which it is to be made, and until that is done his right to brokerage does not accrue. Sibbald v. Iron Co., supra. Where the owner gives the broker the price, and particular terms on which the property is to be sold, and the owner thereafter capriciously refuses to make the sale to a person procured by the broker, able and willing to take on those terms, the broker, having done all he undertook to do,—all it was possible for him to do,—is undoubtedly entitled to his brokerage. But that is not this case. The plaintiff undertook to find a customer for $30,000, which ordinarily means that amount in cash, or, as subsequently modified by the letter, "on terms to be satisfactorily arranged." The terms not having been definitely prescribed, the broker assumed the hazard of being able to find a person whose terms might prove so satisfactory to the owner that a definite arrangement might be made, and in respect to which the minds of the parties might, as a result, meet. The owner was certainly not bound to assent to whatever terms the person procured might offer. This was not her contract. True, such an indefinite employment puts a risk upon the broker; but, if he accepts the duty, he takes all the chances incident to it, and cannot recover merely because the terms of his employment make it difficult for him to accomplish the task he undertook to perform as a condition precedent to his right to recover. The plaintiff failed to make out a cause of action. The complaint was properly dismissed, and the judgment entered on such dismissal must be affirmed, with costs. All concur.